# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**August 26, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**WAYNE LEE,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0941** (BOR Appeal No. 2050240)
              (Claim No. 2013020557)

**AMFIRE, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Wayne Lee, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amfire, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 27, 2015, in which the Board affirmed a January 27, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 5, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lee, a coal miner, alleges that he developed occupational pneumoconiosis in the course of and resulting from his employment. On December 6, 2012, he filed an application for workers' compensation benefits in which he stated that he was diagnosed in 2006 with occupational pneumoconiosis by John Parker, M.D. He indicated that he had been a coal miner since 1975. Treatment notes indicate Mr. Lee was first diagnosed with occupational pneumoconiosis in 1997 by x-ray. Treatment notes by Richard Trenbath, M.D., from April to May of 2000 indicate Mr. Lee had occasional shortness of breath with exertion. His lungs were

1

noted to be fairly clear. He was diagnosed with occupational pneumoconiosis and chest x-ray abnormalities.

An April 10, 2000, letter from the United States Department of Labor indicates Mr. Lee had a chest x-ray on January 4, 2000, as part of a company provided medical screening. He had enough occupational pneumoconiosis to be eligible for the option to work in a low dust area of a mine. Gregory Wagner, M.D., found that he had evidence of calcification in small pneumoconiotic opacities, coalescence of small pneumoconiotic opacities, and pleural thickening. On September 8, 2006, John Parker, M.D., noted that that Mr. Lee's occupational pneumoconiosis was first seen in 1997 films and a large opacity was seen in 2006 films. The large opacity was consistent with complicated occupational pneumoconiosis.

On December 23, 2008, Mr. Lee exercised his right to work in an area of the mine where dust concentration was lower. In January of 2009, he was transferred to a position above ground. On January 22, 2013, A. Mirza, M.D., completed a physician's report of occupational pneumoconiosis in which he indicated Mr. Lee had been suffering from the condition for fourteen years. He was previously awarded a 5% permanent partial disability award. The claims administrator rejected the claim on December 5, 2013.

Mr. Lee testified in a deposition on May 13, 2014, that from January of 2009 until he retired in March of 2013, he did outside general labor. In October of 2007, he went from being a miner operator to a general outside worker to be out of the dust. After January of 2009, Mr. Lee stated that his dust exposure varied. Coal trucks were in transit near him, he sometimes had to shovel belts, he only went underground once a month, he cleaned mantrips once a week, and he swept dust daily for a few hours. He stated that as far as he knows, dust levels were always in compliance. He stated that when the dust samples were taken, when he was wearing a dust monitor, his mine foreman told him not to sweep or do similar activities.

The Office of Judges affirmed the claims administrator's decision on January 27, 2015. It found that the record clearly shows that as an underground coal miner, the claimant was exposed to sufficient amounts of the hazards of occupational pneumoconiosis. However, on January 16, 2009, he was transferred above ground to a less dusty area. Pursuant to West Virginia Code § 23-4-15(b) (2009), an application for occupational pneumoconiosis must be filed within three years after the later of either the day of last continuous period of sixty days during which the employee was exposed to the hazards of occupational pneumoconiosis or the date a diagnosed impairment was made known to the employee by a physician. The Office of Judges determined that since Mr. Lee did not file his report of occupational pneumoconiosis until December 6, 2012, he must establish that he was exposed to the hazards of occupational pneumoconiosis in sufficient amounts for sixty continuous days up to December 6, 2009, or thereafter so as not to be time barred pursuant to West Virginia Code § 23-4-15(b). It was noted that Mr. Lee was informed that he had occupational pneumoconiosis prior to December 6, 2009. The Office of Judges concluded that he did not establish that he suffered sufficient exposure to overcome being time-barred. He testified that from January of 2009 until he retired in March of 2013, he did general outside work. He further testified that in October of 2007 he transferred from being a miner operator to general outside work to be out of the dust. Mr. Lee testified with regard to dust exposure after

January 2009. He stated that dust exposure varied, he only went underground about once a month. He cleaned mantrips once a week and swept dust every day for a few hours. He testified that he was not exposed to coal dust all day long and that his exposure depended on the job he was performing on a given day. He also stated that the dust levels were monitored and always in compliance; however, he did not sweep or dust when wearing a monitor. He stated that the dust levels were the same but he just did not sweep. The Office of Judges concluded that Mr. Lee's testimony failed to establish sufficient exposure to the hazards of occupational pneumoconiosis.

Mr. Lee submitted pictures before the Office of Judges of dust in his work area. The Office of Judges determined that the dust level seen in the photographs was not an everyday amount. Per Mr. Lee's own testimony, the dust seen in the picture was an accumulation over a period of at least a week. The Office of Judges held that without further evidence, the photographs were not adequate evidence to show sufficient exposure to the hazards of occupational pneumoconiosis on a continuous basis. The Office of Judges also held that the diagnosis of occupational pneumoconiosis was not given substantial weight in regard to the required exposure time as Mr. Lee was diagnosed with occupational pneumoconiosis prior to doing general outside labor in January of 2009. The Office of Judges therefore concluded that his testimony, even coupled with the medical diagnosis of occupational pneumoconiosis, does not establish sufficient exposure to the hazards of occupational pneumoconiosis after December of 2009. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 27, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-15(b), an application for occupational pneumoconiosis must be filed within three years after the later of either the day of last continuous period of sixty days during which the employee was exposed to the hazards of occupational pneumoconiosis or the date a diagnosed impairment was made known to the employee by a physician. The record shows that Mr. Lee was diagnosed with occupational pneumoconiosis as early as 1997. Since his application for benefits was not filed until December of 2012, he must show that he was exposed to the hazards of occupational pneumoconiosis in sufficient amounts for sixty continuous days up to December 6, 2009, or thereafter. Mr. Lee failed to establish sufficient exposure to the hazards of occupational pneumoconiosis for the required time period.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman